## HUGHES v. WAREHOUSE CO.

(Filed September 26, 1905).

*Guaranty—Demurrer.*

Where the defendant, in reply to plaintiff's letter of inquiry about W, stated that "we regard W as a reliable and trustworthy gentleman with whom your samples and sales would be entirely safe, and doubly so as all tobacco of yours that might be shipped would come direct to our warehouse, and payment for all such tobacco would be made by us to you for all sales," *held,* the defendant's demurrer on the ground that the letter did not constitute a guaranty was properly sustained.

ACTION by W. T. Hughes & Co. against The Peper Tobacco Warehouse Co., heard by *Judge C. M. Cooke* upon the pleadings, at the January Term, 1905, of the Superior Court of FRANKLIN County. From a judgment sustaining the demurrer, the plaintiff appealed.

*F. S. Spruill* and *W. H. Ruffin* for the plaintiff.
*T. W. Bickett* and *S. P. Galt* for the defendant.

CLARK, C. J. This action is upon an alleged guaranty, as proof of which the plaintiff relied upon the following letter:

ST. LOUIS, Mo., March 19, 1897.

*Messrs. W. T. Hughes & Co., Louisburg, N. C.:*

GENTLEMEN:—Your letter of the 11th inst., making inquiry about the general standing of J. E. M. Walker, received. We regard him as a perfectly reliable, trustworthy gentleman, with whom your samples and sales would be entirely safe and doubly so as all tobacco of yours that might

be shipped would come direct to The Peper Tobacco Warehouse Co., and the payment of all such tobacco would be made by us to you for all sales.          Yours truly,

NICHOLAS N. BELL, *Manager,*

per HALL.

Bell was manager of the defendant company. The defendant demurred, giving as its first ground that the letter did not constitute a guaranty, and hence the plaintiff's complaint did not set forth a cause of action, and the court below so held.

We do not think that this letter constituted a guaranty by the defendant to Hughes & Co., of payment of all tobacco which they should ship J. E. M. Walker. A guaranty is a contract, an *aggregatio mentium*. This letter is on its face merely a response to a letter of inquiry to ascertain the general standing of J. E. M. Walker, and not to a request for them to guarantee purchases made by him. The reply contains what was asked for—information and nothing more. This reply states that the defendant "regarded" Walker as a reliable and trustworthy gentleman, with whom Hughes & Co.'s samples and sales would be entirely safe, and doubly so because Hughes & Co.'s tobacco would come direct to the defendant's warehouse and payment for all sales of such tobacco would be made by the defendant to the plaintiffs. This was merely a statement of the defendant's opinion of Walker's reliability and of the manner in which the defendant would handle the tobacco and the additional safety this method would be to the plaintiff. Besides, there was no consideration for the guaranty. The tobacco was already being shipped to the defendant for Walker as it would seem from the letter, and there certainly is no agreement shown to so ship, nor an indication of any benefit to accrue to the defendant. Neither in the letter nor in the attendant circumstances is there anything to justify holding this letter to be a guaranty. The

purport of the letter depends upon its intent, as derived from its perusal; and cases cited upon the construction of other papers, differently worded, could be of no assistance to us.

As the letter is not a guaranty, it becomes entirely unnecessary to consider the other exceptions. The judgment sustaining the demurrer is

Affirmed.